IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DISTRICT. COURT
AT ROANOKE, VA
FILED
JUL 19 2024
LAURA A. AUSTIN, CLERK
BY: /s/
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 7:16-CR-00059 |
| | ) |
| | ) By: Michael F. Urbanski |
| DAVID LEE FOX, | ) Chief United States District Judge |
| Defendant-Petitioner | ) |

## MEMORANDUM OPINION

On September 23, 2021, David Lee Fox filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), based on his allegation that he was susceptible to becoming severely ill from COVID-19. ECF No. 39. The Federal Public Defender (FPD) supplemented Fox's pro se motion and the government filed a response. On June 6, 2022, the court denied Fox's motion for compassionate release. ECF No. 49.

Fox appealed and on April 23, 2024, the Fourth Circuit Court of Appeals vacated this court's order and remanded Fox's case for additional consideration of his motion for compassionate release, and in particular, for a redetermination of whether Fox demonstrated an extraordinary and compelling reason for a sentence reduction based on his particular susceptibility to the COVID-19 virus. ECF No. 54; United States v. Fox, No. 22-6718, 2024 WL 1736708 (4th Cir. 2024) (per curiam). This court ordered the parties to provide updated medical records for Fox and additional briefing if they desired to do so. ECF No. 56. On May 22, 2024, the FPD provided updated medical records in a supplemental motion for compassionate release but did not provide additional briefing. ECF No. 59. The government

filed medical records and a supplemental response the same day. ECF No. 64. As set forth below, the court **DENIES** Fox's motions for compassionate release.

I. Background

On January 19, 2017, Fox entered into a plea agreement in which he pled guilty to two counts of coercion and enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). Plea Agreement, ECF No. 29. On April 11, 2017, Fox was sentenced to two concurrent 10-year terms of incarceration to be followed by a 20-year term of supervised release. J., ECF No. 35. Fox currently is incarcerated at Federal Correctional Institution (FCI) Butner Low and has a projected release date of April 20, 2025.[1]

In Fox's motion for compassionate release, he argued that his health issues meant that the COVID-19 pandemic created an "extraordinary and compelling reason" for the court to grant him a sentence reduction. The court acknowledged that Fox had diagnoses of type 2 diabetes, hypertension, obesity, hypertensive chronic kidney disease, dyslipidemia, and other chronic illnesses. Mem. Op., ECF No. 49 at 2. Nevertheless, the court found that Fox did not have a particular susceptibility to COVID-19 because he had recovered from a confirmed case of COVID-19, had received two COVID-19 vaccinations, and the facility in which he was housed at the time had only two people with active cases of COVID-19. Id. at 4–5. The court concluded that Fox could not demonstrate that there were "extraordinary and compelling reasons" warranting compassionate release based on COVID-19. Id. at 5.

---

[1] https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (search "David Lee Fox") (last viewed June 24, 2024).

Fox appealed the denial of his motion for compassionate release, and the Fourth Circuit remanded, finding that this court had abused its discretion because it "appeared to rely almost exclusively on Fox's vaccination status in determining that he failed to demonstrate extraordinary and compelling reasons for relief." Fox, 2024 WL 1736708 at *2. The appellate court noted that Fox had argued that he faced a serious risk of harm from COVID-19 despite being vaccinated against the virus, and by providing evidence that he had been hospitalized a second time after receiving both doses of the vaccine, for reasons related to COVID-19. Id. "The court did not indicate whether it had considered Fox's second hospitalization or explain why Fox was not entitled to relief despite his postvaccination health issues." Id.

In the government's supplemental response, it argues that although Fox is 70 years old and has been diagnosed with several chronic illnesses, his recent medical records indicate that his health is stable and has improved in some respects. In addition, Fox has now received a total of four vaccinations against COVID-19, with the latest one in March 2024. Also, although Fox was hospitalized twice in 2023 for shortness of breath and acute respiratory issues, his hospitalizations do not appear to be related to COVID-19. Resp., ECF No. 64.

## II. Compassionate Release

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30

3

> days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Fox's requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

The court previously found that Fox exhausted his administrative remedies. Mem. Op., ECF No. 49 at 3. The court next turns to whether Fox's health conditions, when considered along with the threat presented by COVID-19, present an extraordinary and compelling reason for a sentence reduction.

After Fox filed his motion for a sentence reduction and the court issued its memorandum opinion, but before the Fourth Circuit remanded this case, the United States Sentencing Commission amended the section of the guidelines that addresses motions for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) when a defendant alleges that "extraordinary and compelling" reasons warrant a reduction. See U.S. SENT'G COMM'N, GUIDELINES MANUAL §3E1.1 (NOV. 2023) ("USSG" or "guidelines"). The Fourth Cirucit did not indicate whether the revised guidelines should be applied in Fox's case but most courts

4

have applied the revised guidelines to motions filed before they were enacted. See e.g., United States v. Coleman, No. 3:09cr207, 2024 WL 1559535, at *5 (E.D. Va. Apr. 10, 2024) (applying the amendments after noting that they clarified the Sentencing Commission's view on what could constitute "extraordinary and compelling" reasons for a sentence reduction under the First Step Act, but also noting that the guidelines are advisory and under United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020), district courts are empowered to consider any extraordinary and compelling reason for release that a defendant might raise); United States v. Robb, 3:12-CR-00188-FDW-SCR, 2024 WL 949186, at *2 (W.D.N.C. Mar. 5, 2024) (evaluating compassionate release motion under current policy statement even though motion was filed before adoption of revised guideline); and United States v. Richardson, No. ELH-17-0390, 2023 WL 8478910, at *5 n.3 (D. Md. Dec. 7, 2023) (noting that motion for compassionate release was filed before amended guidelines took effect, but applying "the law in effect at time of decision, not the law in effect at the time the Motion was filed"). The court will look to the revised guidelines for guidance, but notes that it would reach the same result under either the revised guidelines or under the holding in McCoy, which held that courts are empowered to consider any extraordinary and compelling reason a defendant might raise for compassionate release.

Under the guidelines, to demonstrate an extraordinary and compelling reason for a sentence reduction based on an outbreak of an infectious disease, a defendant must show the following:

> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of

>     infectious disease, or (II) an ongoing public health emergency
>     declared by the appropriate federal, state, or local authority;
>
>     (ii) due to personal health risk factors and custodial status, the
>     defendant is at increased risk of suffering severe medical
>     complications or death as a result of exposure to the ongoing
>     outbreak of infectious disease or the ongoing public health
>     emergency described in clause (i);
>
>     and (iii) such risk cannot be adequately mitigated in a timely
>     manner.

USSG § 1B1.13(b)(1)(D).

The court agrees with Fox that his personal health conditions increase his risk of suffering severe medical complications or death under USSG § 1B1.13(b)(1)(D)(ii). According to the Centers for Disease Control and Prevention (CDC), a person is at increased risk when they are over 65 years of age, and have a chronic lung disease, diabetes, heart disease, obesity, chronic kidney disease, and are a smoker or former smoker.[2] Fox is 70 years old, and has been diagnosed with the above-listed medical conditions. Med. R., ECF No. 64-1 at 5, 12, 88.

However, Fox cannot meet the criterion under USSG § 1B1.13(b)(1)(D)(i) of showing that his facility is affected or at imminent risk of being affected by an ongoing outbreak of infectious disease, or an ongoing public health emergency declared by the appropriate federal, state, or local authority. At this time, Fox's facility, FCI Butner Low, has zero open cases of COVID-19 out of 4,057 inmates.[3] In addition, on May 11, 2023, the United States Department of Health and Human Services announced the end of the public health emergency caused by

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated April 15, 2024) (last viewed June 25, 2024).

[3] https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last viewed June 25, 2024).

6

the COVID-19 pandemic.[4] Thus, while Fox's medical conditions put him at particularized risk should he be exposed to COVID-19, it appears that his chances of being exposed at his facility are extremely low at present.

Nor can Fox show that his personal health risk factors cannot be adequately mitigated in a timely manner under USSG § 1B1.13(b)(1)(D)(iii). Fox has received four vaccinations against COVID-19 with the most recent one having been administered on March 18, 2024. Med. R., ECF No. 64-2 at 18. The vaccines "provide sustained protection against severe disease and death. ..."[5] The vaccines appear to have prevented Fox from suffering from severe disease from COVID-19 thus far. For example, when Fox contracted COVID-19 in January 2022, after his second vaccination, he was hospitalized for six days and at discharge he stated that he felt better and was able to walk some without shortness of breath. Med. Rs., ECF No. 46-1 at 3. Fox has not been diagnosed with COVID-19 since that time.

In addition, the updated medical records show that while Fox continues to suffer from several chronic illnesses and has been hospitalized on two occasions for respiratory symptoms, these hospitalizations were not related to COVID-19. In October 2023, Fox was hospitalized after reporting shortness of breath and was diagnosed with an exacerbation of congestive heart failure. Med. R., ECF No. 64-1 at 50–63. In November 2023, he reported doing well after having been hospitalized for five days for treatment of acute respiratory failure. He said that his medications were changed and he was feeling better. Id. at 29.

---

[4] https://www.hhs.gov/about/news/2023/05/11/hhs-secretary-xavier-becerra-statement-on-end-of-the-covid-19-public-health-emergency.html (last viewed June 25, 2024).
[5] https://www.cdc.gov/respiratory-viruses/whats-new/5-things-you-should-know.html (updated Oct. 13, 2023) (last viewed June 25, 2024).

7

A medical evaluation done on March 21, 2024, indicated that Fox was feeling well with no bouts of shortness of breath or dizzy spells. His examination was within normal limits and he was told to follow up with sick call or at the chronic care clinic as needed. Id. at 9–14. On May 13, 2024, Fox reported that he had lost weight and had been exercising more. Med. R., ECF No. 64-6 at 94. He was advised to monitor his diet and increase his daily exercise as tolerated. Id. at 64–6.

In sum, the court finds that even though Fox is at increased risk of suffering severe medical complications or death from COVID-19 because of his underlying medical issues, the risk has been mitigated by the fact that he is fully vaccinated against COVID-19. He recovered from his last bout of COVID-19 which occurred more than two years ago and has not been diagnosed with COVID-19 since that time, indicating that the vaccines are efficacious at prevent serious illness and death, even for someone with Fox's underlying medical issues. In addition, the fact that FCI Butner Low currently has zero cases of COVID-19 means that the chance that Fox will be exposed to the virus is low.

### III. Conclusion

For the reasons stated above, the court concludes that Fox cannot show an extraordinary and compelling reason for a sentence reduction based on COVID-19. Accordingly, his motions for compassionate release based on 18 U.S.C. § 3582(c)(1)(A), ECF Nos. 39 and 59, are **DENIED**.[6]

---

[6] As Fox has not shown an extraordinary and compelling reason for compassionate release, the court will not address the § 3553(a) factors. See United States v. Bethea, 54 F.4th 826, 833 (4th Cir. 2022) (describing the "extraordinary and compelling" reasons for relief as a threshold for eligibility); United States v. Elias, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate release motions when any of the three

An appropriate order will be entered.

It is so **ORDERED**.

Entered: July 19, 2024

Michael F. Urbanski
Senior United States District Judge

---

prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.")

9